UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRACEY TOOKS

    Plaintiff,

v.

UP ENTERTAINMENT, LLC,

    Defendant.

CIVIL ACTION FILE

No.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS

Plaintiff Tracey Tooks, by and through her undersigned counsel, brings this Complaint for employment discrimination against Defendant UP Entertainment, LLC, ("UP"), and alleges as follows:

**INTRODUCTION**

1. This is an action seeking monetary damages against Defendant under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.

**PARTIES**

2. Tracey Tooks is a resident of the State of Georgia and was employed by Defendant from January 24, 2005, through April 18, 2022.

3. Defendant UP Entertainment ("UP") is a Limited Liability Company formed under the laws of the State of Georgia and which has a principal office located at 2077 Convention Center Concourse, Suite 300 Atlanta, GA 30337.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under Title VII. This court has supplemental jurisdiction over plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a). Furthermore, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADEA.

5. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391, as the unlawful employment practice was committed in Georgia. Venue is further proper as the relevant employment records are maintained in this district at UP's principal office within the district. There is no other district that has substantial connection to the claim.

## CONDITIONS PRECEDENT

6. On October 1, 2022, Tracy Tooks timely filed a charge of race and gender discrimination and retaliation with the Equal Employment Opportunity Commission (the "EEOC").

7. On May 4, 2023, the EEOC issued Tracy Tooks a Notice of Right to Sue.

8. This Complaint has been filed within 90 days of receipt of that notice.

9. Defendant employs 15 or more individuals and is therefore subject to the requirements of Title VII.

### FACTS COMMON TO ALL CLAIMS

10. Tracy Tooks began working for UP in January 2005 as a receptionist and worked her way through the company's ranks to becoming the Director of Omnichannel & Distributor Marketing, eventually serving as the brand manager of UP Faith & Family.

11. During her tenure of nearly two decades, Tracy Tooks dedicated as much as 50-55 hours a week between three departments and worked directly with UP's executives on a variety of projects.

12. In response to Covid-19 and the federal vaccine or test mandate for employers with 100 or more employees, UP introduced a stringent Covid-19 vaccine mandate for all of its employees.

13. UP purportedly offered medical and religious exceptions to its vaccine mandate, but absent signing pre-written statements attesting to objections to

vaccination on those grounds, required all employees to be vaccinated as a condition of continued employment. These statements did not cover all potential concerns regarding the vaccine, such as the status of its testing.

14. Citing concerns about the long-term effects of the vaccine, Tracy Tooks declined to be vaccinated before the beginning of 2022, but did not agree with the exact language of the statement presented to her. She was then prohibited from participating in many company events, despite many staff who are not black, female, or nearing retirement age being permitted to participate regardless of vaccination status.

15. Purportedly as a result of her refusal to be vaccinated, Tracy Tooks was terminated on April 15, 2022, although her reason for separation was incorrectly reported to the Georgia Department of Labor as "Voluntary."

16. Tracy Tooks was efficient in her job, rarely made errors, generated quality work, and consistently received positive annual reviews. Even so, upon her termination, she was not offered severance or retirement benefits of any kind by UP.

17. On information and belief, younger employees of UP who were not black women were permitted to continue their employment despite not being vaccinated and not completing UP's prewritten religious or medical exemption forms.

18. On information and belief, other employees who were advancing in age were also terminated due to their age and, at least initially, were not offered severance or retirement benefits despite their long years of loyal and diligent service.

## COUNT ONE

Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964

(42 U.S.C. §§ 2000e et al.)

19. Tracy Tooks repeats and realleges paragraphs 1 through 17 hereof, as if fully set forth herein.

20. Tracy Tooks is a black woman and was qualified for her position when Defendant fired her.

21. Defendant's management of their enforcement of their Covid 19 policy gave rise to the presumption that the enforcement was inequitable based on race, gender, and/or age.

22. The company began arbitrarily making accommodations for some employees while stubbornly refusing to do so for others, such as Tracy Tooks.

23. Tracy Tooks suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

24. Defendant intentionally violated Tracy Tooks' rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## <u>COUNT TWO</u>

Discrimination under ADEA, 29 U.S.C. § 621 et seq.

25. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

26. At all relevant times, Tracy Tooks was an "employee" within the meaning of the ADEA.

27. At all relevant times, UP was an "employer" within the meaning of the ADEA and had the requisite number of employees.

28. Defendant terminated Tracy Tooks, at least in part, due to her age.

29.  By termination Tracy Tooks, as well other older employees, based upon her age, Defendants violated the ADEA.

30. As a direct and proximate result of Defendant's discriminatory conduct in violation of the ADEA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

30. The foregoing conduct, as alleged, constitutes a willful violation of the ADEA within the meaning of 29 U.S.C § 626(b) and, as a result, Plaintiff is entitled to liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A.      Award the Plaintiff for her past and future loss of wages and benefits, plus interest;

B.      Award to the Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

C.      Award to the Plaintiff compensatory damages;

D.      Award to the Plaintiff punitive damages; and

E.      Grant the Plaintiff such additional or alternative relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury on all claims so triable.


Dated: August 2, 2023

Respectfully submitted,

CONWAY EADER LLLP

/s/Granison Eader
Granison "Ted" Eader
135 Auburn Ave NE, Ste 206
Atlanta, GA 30303
Telephone: (470) 745 2640
Email: ted@conwayeader.com
Attorney for Plaintiff